United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41069
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRINEO HERNANDEZ-HERNANDEZ,
also known as Efren Hernandez-Hernandez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-230-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Irineo Hernandez-Hernandez (Hernandez) appeals the sentence imposed after he pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a), (b)(1) and (b)(2). Because Hernandez had been deported subsequent to an aggravated felony conviction, his offense level was enhanced by 16 points under the Sentencing Guidelines.

As Hernandez concedes, his contention that the treatment of prior convictions as sentencing factors rather than offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

elements under 18 U.S.C. § 1326(b)(1), (b)(2) is unconstitutional is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). He raises the arguments solely to preserve them for further review.

Hernandez also argues that his sentence should be vacated pursuant to <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), because it was imposed under a mandatory Sentencing Guidelines regime. As Hernandez did not raise this argument in the district court, we review for plain error. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

Sentencing a defendant pursuant to a mandatory Guidelines scheme absent a Sixth Amendment violation, as occurred in this case, constitutes error that is plain, i.e., obvious. <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir. 2005). However, Hernandez cannot demonstrate that the error affected his substantial rights as required under plain error's third prong. We reject his argument that such error is structural or presumptively prejudicial for purposes of the third plain error step. <u>See</u> <u>id.</u> at 601. Rather, we employ the same analysis set forth in <u>Mares</u>. <u>See</u> <u>id.</u>

Contrary to Hernandez's contentions, there is no indication in the record that the district court would have imposed a lower sentence under an advisory system. <u>See</u> <u>id.</u> The fact that the district court sentenced him to the lowest term within the

Guideline range, without more, is "no indication that the judge would have reached a different conclusion under an advisory scheme." United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). In addition, the district court gave no indication that, absent the mandatory nature of the Guidelines, it would have considered Hernandez's cultural assimilation a basis for imposing a lower sentence. To the contrary, the district court stated that a serious sentence was warranted given Hernandez's history of violent crime, his unlawful reentry, and his recidivism.

For the foregoing reasons, the judgment of the district court is AFFIRMED.